**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3327-15T2

NATIONSTAR MORTGAGE, L.L.C.,

    Plaintiff-Respondent,

v.

MAXWELL J. BROTHERS,

    Defendant-Appellant,

and

BARBARA J. BROTHERS, HIS WIFE,
AND MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., AS
NOMINEE FOR QUICKEN LOANS, INC.,

    Defendants.

_____

Submitted June 1, 2017 — Decided July 10, 2017

Before Judges O'Connor and Whipple.

On appeal from Superior Court of New Jersey,
Chancery Division, Mercer County, Docket No.
F-29885-09.

Maxwell J. Brothers, appellant pro se.

Stern, Lavinthal & Frankenberg, and Sandelands
Eyet, attorneys for respondent (Robert D.
Bailey, of counsel and on the brief).

PER CURIAM

Defendant Maxwell Brothers appeals from a March 16, 2016 order denying his emergent application to stay the sheriff's sale of property in Ewing Township. We affirm.

Plaintiff Nationstar Mortgage, L.L.C.[1] filed a foreclosure complaint against defendants Maxwell Brothers, his wife, Barbara Brothers, and Quicken Loans on June 8, 2009. No defendant filed an answer, and default was entered May 18, 2011. Defendant, Maxwell Brothers, filed an emergent application for a stay on March 16, 2016, the day of the scheduled sheriff's sale. The trial court heard argument and considered defendant's emergent application that day. Defendant argued he was not served with the foreclosure complaint. The judge denied the application, relying on the court's JEFIS[2] record indicating defendant was served with the complaint in 2009. This appeal followed.

On appeal, defendant argues the trial court's order should be reversed because he was never served with the foreclosure complaint. We disagree.

---

[1] The original plaintiff in this matter was BAC Home Loans Servicing, L.P. Nationstar Mortgage, L.L.C. was substituted as plaintiff by the court in an order dated January 10, 2014.

[2] JEFIS stands for Judiciary Electronic Filing and Imaging System. Defendant asserts he was not shown the JEFIS file in court but looked at it a few days later.

Rule 4:4-3(a) provides,

> If personal service cannot be effected after a reasonable and good faith attempt, . . . service may be made by mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, to the usual place of abode of the defendant or a person authorized by rule of law to accept service for the defendant or, with postal instructions to deliver to addressee only, to defendant's place of business or employment. If the addressee refuses to claim or accept delivery of registered or certified mail, service may be made by ordinary mail addressed to the defendant's usual place of abode. The party making service may, at the party's option, make service simultaneously by registered or certified mail and ordinary mail, and if the addressee refuses to claim or accept delivery of registered mail and if the ordinary mailing is not returned, the simultaneous mailing shall constitute effective service.

The trial judge addressed the issue of service when denying the emergent application. During the hearing, defendant testified the property was his residence, but he was never served with the foreclosure complaint.

A review of the transcript reveals the judge referred to the court's JEFIS file and discovered plaintiff provided proof to the court it served defendant by both certified and regular mail. Plaintiff provided certifications, which stated service had been completed by certified and regular mail as confirmed by the United States Postal Service, on December 28, 2009. Plaintiff also

included the appropriate electronic confirmation the certified mail was "unclaimed" and the regular mail was not returned. The court was satisfied plaintiff established proper service under Rule 4:4-3.

Moreover, the trial judge advised defendant he had recourse to seek two statutory adjournments pursuant to the sheriff's directive about the sale, which defendant had not attempted to do. We discern no error in the trial judge's finding defendant was properly served with the complaint. Defendant's chief argument is the court erred in relying upon the allegedly false submissions of plaintiff regarding service but provides no demonstration of error beyond his dissatisfaction with the outcome.

To the extent defendant makes any other arguments, we find they lack merit and do not warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

4

A-3327-15T2